UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |
| URBAN COMMONS, LLC : | |
| : | |
| Plaintiff, : | |
| : | Case No. 18-cv-8436 (JPO) |
| v. : | |
| : | |
| : | |
| NAUTILUS INSURANCE COMPANY, : | |
| : | |
| Defendant. : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

### NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM UPON ASA COLLEGE, INC.

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 45, Defendant Nautilus Insurance Company, by and through counsel, will serve the attached subpoena to produce documents, information, or objects upon ASA College, Inc., c/o Alan R. Hecht, Esq., 2670 N.E. 215th Street, Miami, Florida, 33180. The subpoena commands that ASA College, Inc. produce or permit inspection or copying of the documents referenced in Exhibit A to the subpoena on January 22, 2020.

DATED:   December 31, 2019.

Respectfully submitted,

/s/ Jane E. Warring
**Jane E. Warring**
Georgia Bar No.: 142696
(Admitted Pro Hac Vice 11/26/18)
**CLYDE & CO US LLP**
271 17th Street NW, Suite 1720
Atlanta, GA 30363
T: 404.410.3150
F: 404.410.3151
jane.warring@clydeco.us
**ATTORNEY FOR DEFENDANT
NAUTILUS INSURANCE COMPANY**

4609207

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
-                                                               :
URBAN COMMONS, LLC                                              :
                                                                :
          Plaintiff,                                            :   Case No. 18-cv-8436 (JPO)
                                                                :
v.                                                              :
                                                                :
                                                                :
NAUTILUS INSURANCE COMPANY,                                     :
                                                                :
          Defendant.                                            :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2019, I electronically filed the **NOTICE OF INTENT TO SERVE SUBPOENA DUCE TECUM UPON ASA COLLEGE, INC.** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

   Gary Steven Thompson
   Kristin Davis
   Thompson Hammerman Davis LLP
   1015 15th Street NW, Suite 600
   Washington, DC 20005
   Tel: (202) 256-9910
   Email: gthompson@wmclaw.com
   Email: kdavis@thompsonhd.com
   **Attorneys for Plaintiff Urban Commons, LLC**

3

I further certify that I am unaware of any non-CM/ECF participants.

DATED: December 31, 2019.

/s/ Jane E. Warring
**Jane E. Warring**
Georgia Bar No.: 142696
**CLYDE & CO US LLP**
271 17th Street NW, Suite 1720
Atlanta, GA 30363
T: 404.410.3150
F: 404.410.3151
jane.warring@clydeco.us

**ATTORNEYS FOR DEFENDANT NAUTILUS INSURANCE COMPANY**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Urban Commons, LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 18-CV-8436(JPO) |
| Nautilus Insurance Company | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ASA College, Inc. c/o Alan R. Hecht, Esq., 2670 N.E. 215th Street, Miami, FL 33180

*(Name of person to whom this subpoena is directed)*

☑ **Production: YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibit A. Please contact Jane Warring at 404-410-3155 or jane.warring@clydeco.us to coordinate the inspection or production of documents.
(The address below is merely a placeholder should you prefer to deliver the documents.)

| Place: Clyde & Co US LLP, Attn: Jane E. Warring, 1221 Brickell Avenue, Suite 1600, Miami, FL 33131 | Date and Time: 01/22/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/31/2019

*CLERK OF COURT*

_____        OR        *[signature]*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Nautilus Insurance Company, who issues or requests this subpoena, are:
Jane Warring, Esq., Clyde & Co US LLP, 271 17th Street, Suite 1720, Atlanta, GA 30363, 404-410-3155

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-CV-8436(JPO)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* ASA College, Inc. c/o Alan R. Hecht, Esq.
on *(date)* 12/31/2019 .

☑ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

☐ I returned the subpoena unexecuted because: .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

Case 1:18-cv-08436-JPC   Document 54   Filed 12/31/19   Page 6 of 14

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Exhibit A**

**I.      DEFINITIONS AND INSTRUCTIONS**

The following terms shall have the following meanings for purposes of this subpoena:

1.      "Document" means, without limitation, any typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in your possession, custody or control; or in the possession, custody or control of any servant or agent of you or your attorneys. The terms document and documents include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, discs or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic, or other media; and any other summary, schedule, memorandum, note statement, letter, telegram, interoffice communications, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "document" or "documents" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the document or documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document that has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

2. "ASA College, Inc.," "ASA College," "You" or "Your" means ASA College, Inc., any entity owned by ASA College, Inc., and any of its agents, assigns, affiliates, subsidiaries, parents, partners, members, associations, predecessors in interest, representatives, employees, servants, associates, attorneys, brokers, or any other persons or entities through which it has conducted business.

3. "Third Party" means any independent contractor, subcontractor, vendor, consultant, expert, individual person, government agency, and any entity not owned by or acting on behalf of ASA College, Inc.

4. "Person" means any natural person, firm, corporation, partnership, joint venture, proprietorship, association, organization, estate, or any other form of business or legal entity.

5. "Evidencing," "referencing," and "relating to" mean in any way directly or indirectly, in whole or in part, relating to, regarding, constituting, concerning, about, pertaining to, referring to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling or negating.

6. "Communication" means the transmittal of words or information from one or more persons to another person or persons by whatever manner or means and regardless of how or by whom the communication was initiated, whether the medium for such transmittal be oral, written, or electronic recording.

7. In these Requests, including the definitions and instructions, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; and the feminine

includes the masculine.

8. If you contend that any requested document is no longer in your custody or control, please identify the document and provide the following information for each document so identified:

    (a) a brief description of the nature of the document and the general contents of said document;

    (b) a brief description of the circumstances under which the document came to be no longer in your custody or control;

    (c) the present or last known location of the document;

    (d) the name and present or last known position of the person(s) who last had possession or custody of the document, and all available contact information for each individual so identified; and

    (e) a brief description of the efforts you undertook, if any, to obtain the document or a copy of the document for purposes of complying with the Subpoena.

9. If you contend that any requested document has been destroyed, please identify the document and provide the following information for each document so identified:

    (a) a brief description of the nature of the document and the general contents of said document;

    (b) a brief description of the circumstances under which the document came to be destroyed;

    (c) a brief description of the grounds upon which said document was destroyed;

(d) the name and present or last known position of the person(s) who participated in or directed the destruction of the document, and all available contact information for each individual so identified; and

(e) if the destruction was pursuant to a document retention policy, please attach a copy of said policy.

10. Please produce all pages of all documents with bates number stamps on the face of the image in the lower right corner, starting with ASA000001.

11. Parent-child relationships (the association between an attachment and its parent document) must be preserved.

12. For electronically-stored information:

 a. Please produce all documents as single-page 300 dpi CCITT Group IV black and white TIFFs, with the exception of documents below under the heading "Native" or documents that will lose meaning if not produced in color. If documents will lose meaning if not produced in color, then please produce them in color in jpg format.

 b. Please produce all documents with: (1) an Opticon delimited file or (2) a Concordance delimited file.

 Example of Opticon Delimited File:

 ABC0000001,ABC001,.\IMAGES\001\ABC0000001.TIF,Y,,,3
 ABC0000002,ABC001,.\IMAGES\001\ABC0000002.TIF,,,,
 ABC0000003,ABC001,.\IMAGES\001\ABC0000003.TIF,,,,
 ABC0000004,ABC001,.\IMAGES\001\ABC0000004.TIF,Y,,,2
 ABC0000005,ABC001,.\IMAGES\001\ABC0000005.TIF,,,,

    Example of Concordance Delimited File (.DAT):

þSTARTNOþ  þENDNOþ  þATTACH    STARTþ  þATTACH END þ  þCUSTODIANþ  þNATIVE LINKþ  þTEXT PATHþ

The objective coding and/or electronic file metadata should be provided in the following format:

1. Fields should be delimited by the default Concordance field delimiter for ANSI character 20 (  ).
2. String values within the fields file should be enclosed with a text delimiter (þ).
3. The first line should contain objective coding and/or electronic file metadata headers and below the first line there should be exactly one line for each document.
4. Each row of objective coding and/or electronic file metadata must contain the same number of fields as the header row.
5. Multi-values should be separated by a semicolon (;).

c. For all such documents, the load file will include (1) beginning and ending document numbers, (2) beginning and ending attachment ranges (calculated from the first page of the parent document to the last page of the last attached document) if applicable, and (3) the following fields of information where available:

 i. *Emails*: Date sent, time sent, date received, time received, to, from, cc, bcc, subject, attachment count, and attachment filename.

 ii. *Non-Email electronic documents*: File name, path name, date created, date last modified, title/subject, author, and custodian.

d. Please produce a document-level text file, in Unicode format, in addition to the TIFFs. The text of native files should be extracted directly from the native. For each text file, please name it using the Bates number of the

first page of the document and ending with .TXT (e.g., a four page document that starts with ABC0000001 will bear the name ABC0000001.TXT). For ESI for which text cannot be extracted, please produce with OCR.

e. *Native*. Please produce Excel, Access, Microsoft Project, Audio, Video files in Native format with a load file and a placeholder TIFF image with the endorsed Bates number.

f. We understand that *c*ertain types of databases are dynamic in nature. You may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table.

g. When PowerPoint or Word documents are converted to TIFFs, please produce the version that shows Hidden Slides, speaker notes, and track changes to the extent that they exist.

13. For hard-copy documents:

a. Document families should be produced either as one document or as separate parent and children documents with metadata sufficient to link them together.

b. Please produce information regarding custodian and source for all hard-copy documents.

14. If at any time subsequent to the production of documents or things requested herein, any document or thing responsive to this request is located or comes within your custody, possession, or control, we request that such documents or things be produced for inspection and

copying without the necessity of a further request.

**II.    REQUESTS**

1.    Please produce documents in Your possession and/or control relating to the Ramada located at 1950 West 49th Street, Hialeah, Florida 33012 (the "Property"), including but not limited to any and all:

- Correspondence from students or other persons regarding the conditions inside the Property
- Requests for any service or repairs to the Property
- Complaints or comments regarding damage or mold in the Property
- Complaints or comments regarding the air quality in the Property
- Lease agreements for rental of the Property
- Any other contracts or agreement relating to the Property
- Photographs taken by You or Third-Parties of the interior or exterior of the Property
- Communications between You and Third-Parties, including emails and letters relating to the Property
- Internal communications within Your company, including emails and letters relating to the Property
- Any documents You were given by the Property owner, Property manager, or any other Third-Party relating to the Property
- Documents evidencing the scope and / or cost of any repair, replacement, remediation with respect to the Property
- Invoices from You or Third-Parties relating to work at the Property

- Documents relating to the proposed renovations of the Property