UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

URBAN COMMONS LLC,

    Plaintiff,

v.                                                 Case No. 18-CV-8436 (JPC)

NAUTILUS INSURANCE COMPANY,

    Defendant.

## PARTIES' JOINT LETTER UPDATING COURT ON STATUS OF THE CASE

Plaintiff, Urban Commons LLC ("Urban Commons" or "Plaintiff") and Defendant, Nautilus Insurance Co. ("Nautilus" or "Defendant"), by and through their respective counsel, respectfully submit this joint letter updating the court on the status of the case pursuant to the Court's October 6, 2020 Notice of Reassignment (ECF No. 62).

**1.**     **NAMES OF COUNSEL AND CURRENT CONTACT INFORMATION**

| Counsel for Plaintiff Urban Commons LLC | Counsel for Defendant Nautilus Ins. Co. |
|---|---|
| Gary Thompson (Member, SDNY)<br>Kristin Davis (admitted *pro hac vice*)<br>THOMPSON HAMMERMAN DAVIS LLP<br>1015 15th Street NW, Suite 600<br>Washington, DC 20005<br>(202) 256-9910<br>gthopmson@thompsonhd.com<br>kdavis@thompsonhd.com | Sina Bahadoran (admitted PHV 12/10/18)<br>Clyde & Co US LLP<br>1221 Brickell Ave.<br>Suite 1600<br>Miami, FL 33131<br>(305) 446-2646<br>Sina.bahadoran@clydeco.us<br><br>Scott W. Schwartz<br>New York Bar No.: 4824314<br>CLYDE & CO US LLP<br>The Chrysler Building<br>405 Lexington Avenue, 16th Floor<br>New York, New York 10174<br>T: 212.710.3900 |

1

## 2. BRIEF STATEMENT OF THE CASE AND DEFENSES

Urban Commons alleges that Nautilus failed to honor its insurance payment obligations for significant mold-related losses caused by Hurricane Irma at the Ramada Inn in Hialeah, Florida. Urban Commons alleges that it has met all policy conditions, and there are no applicable exclusions to coverage.

Nautilus contends that Urban Commons is not entitled to coverage under its policy because (1) the policy requires that a "Certified Industrial Hygienist" recommend mold clean-up, and the company Urban Commons hired was not properly certified; and (2) Urban Commons converted a portion of the hotel into a college dorm without notifying Nautilus as required under the policy. Further, even assuming Urban Commons complied with the policy, Nautilus maintains that the amounts sought by Urban Commons are inflated as the policy does not cover mold that existed prior to the retroactive date. Finally, Nautilus contends that based on a pro-rata allocation between the Nautilus policy and Urban Common's all-risk policy, Nautilus can only be responsible for 4.76% of mold damage beyond the first $1,375,000 in damages.

## 3. JURISDICTION AND VENUE

This court has original subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and because the controversy is between citizens of different states. Urban Commons is a limited liability company, organized under the laws of the State of California, with its principal place of business in the State of California. Urban Commons has twelve individual members, each who is a resident of California. *See* Dkt. 32. Nautilus is an insurance company incorporated in the State of Arizona and has its principal place of business in Arizona. The citizenship of each member of

Urban Commons is diverse from the Defendant's citizenship and principal place of business (*i.e.*, the members of Urban Commons are not citizens of and do not reside in Arizona).

Venue is proper in this court because the insurance policy at issue applies New York law and provides for venue in the courts of New York (state and federal), and venue for these claims is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c).

4. **DEADLINES, DUE DATES, AND/OR CUT-OFF DATES**

The current case management plan deadlines are set forth below.

| Case Event | Proposed Deadline |
|---|---|
| Status Conference | February 3, 2021 |
| Fact Discovery | February 1, 2021 |
| Depositions Completed | February 1, 2021 |
| Expert Discovery (including expert depositions) | March 11, 2021 |
| Plaintiff's Expert Disclosures | January 29, 2021 |
| Defendant's Expert Disclosures | February 26, 2021 |
| Ready for Trial | May 5, 2021 |

5. **PREVIOUSLY SCHEDULED CONFERENCE DATES**

The current status hearing is scheduled for February 3, 2021 at 10:00 am by teleconference per Court Order [Dkt. 64], adopting the jointly proposed amended scheduling order. There are no matters on the agenda for the status hearing, aside from the status of discovery and the litigation generally.

6. **OUTSTANDING MOTIONS**

There are no outstanding motions.

7.     **PENDING APPEALS**

There are no pending appeals.

8.     **DISCOVERY STATEMENT**

The parties have exchanged and answered document requests, interrogatories, and requests for admission.  The parties have exchanged production deficiency letters; Urban Commons has answered Nautilus's letter but awaits a response from Nautilus to its May 6, 2020 deficiency letter.  Urban Commons has discussed scheduling depositions, but the parties not yet confirmed dates or proceeded with any depositions.  Urban Commons expects to take at least three fact depositions and the relevant expert depositions, unless Nautilus is willing to commit to not calling the individuals as witnesses at trial.

Nautilus intends to take two or three fact depositions and relevant expert depositions.

9.     **PRIOR SETTLEMENT DISCUSSIONS**

The parties engaged in mediation on March 19, 2019 with mediator Jay Cohen in Miami Florida, successfully resolving certain aspects of the litigation.  Before the start of the coronavirus pandemic and related lockdowns, the parties agreed to a second mediation, with the hope that the mediation would take place in April 2019 in Florida with Mr. Cohen.  As the pandemic continued, law firm travel was suspended, pushing the potential mediation to May 2020.  Mediator Cohen was not available for remote mediation, so Urban Commons offered to mediate remotely with a new mediator, but Nautilus insisted on an in-person mediation with Mr. Cohen, when in-person mediations would be allowed to resume.

In the interim, on April 14, 2020, the parties agreed to exchange offers without a mediator.  The parties also agreed to exchange their mediation statements as part of their

settlement negotiations.  Nautilus provided its statement on June 9, 2020.  Urban Commons provided a reply on June 23, 2020.

Since then, the parties continue to engage in informal settlement discussions via phone and email, between March and October 2020, with the most recent settlement email and phone communications on October 15, 2020.  Settlement discussions have primarily taken place between Gary Thompson (for Urban Commons) and Robert Burkholder (for Nautilus).  The parties expect settlement discussions to continue this week.

10. **ALTERNATIVE DISPUTE RESOLUTIONS**

The parties have discussed and used alternative dispute resolution mechanisms (in March 2019 and scheduled-but-postponed in March 2020).  The parties are open to a settlement conference with a privately retained mediator.  Urban Commons is willing to mediate remotely, and believes a mediation within the next 30 days, with all discovery stayed in the interim, would be productive for resolving the case.

11. **ESTIMATED LENGTH OF TRIAL**

Urban Commons estimates that the trial will last one week, with Urban Commons needing three days to present its case for trial.

12. **ANY OTHER INFORMATION**

Urban Commons does not believe there are any dispositive or novel issues that can be resolved by the Court at this time.  Nautilus believes the issue of allocation between its policy and Urban Commons' all-risk policy is a pure question of law that can be resolved by the Court.

Dated:  October 20, 2020                                  Respectfully submitted,

                                                          /s/ *Gary Thompson*
                                                          Gary Thompson (Member, SDNY)
                                                          Kristin Davis (admitted *pro hac vice*)
                                                          THOMPSON HAMMERMAN DAVIS LLP

1015 15th Street NW, Suite 600
Washington, DC 20005
(202) 256-9910
gthopmson@thompsonhd.com
kdavis@thompsonhd.com
*Attorneys for Plaintiff Urban Commons LLC*

/s/ *Sina Bahadoran (signed with permission)*
Sina Bahadoran (admitted PHV 12/10/18)
Clyde & Co US LLP
1221 Brickell Ave.
Suite 1600
Miami, FL 33131
(305) 446-2646
Sina.bahadoran@clydeco.us
*Attorney for Defendant Nautilus Ins. Co.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 20, 2020, I e-filed this document using the CM/ECF system.  I further certify that I am unaware of any non-CM/ECF participants.

/s/ Kristin C. Davis
Kristin C. Davis

6